MICHAEL H. BAER
Trial Attorney (New York Bar No. 5384300)
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Telephone:  (202) 305-8573
Facsimile:   (202) 616-8460
E-mail:       Michael.H.Baer@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID BERNHARDT, in his official capacity as Acting Secretary of the Interior, SCOTT ANGELLE, in his official capacity as Director of the Bureau of Safety & Environmental Enforcement, et al.<br><br>Defendants. | Cause No. CV-18-139-M-DWM<br><br>DEFENDANTS' PRETRIAL STATEMENT |

Pursuant to the Court's orders of December 18, 2018, December 26, 2018, and January 11, 2019, ECF Nos. 26, 30, 37, Defendants hereby submit the following pretrial statements.

## A. A brief factual outline of the case.

The Royalty Policy Committee ("RPC") has rigorously complied with the Federal Advisory Committee Act ("FACA") and all regulations that apply to the Committee. It has granted the public access to all Committee meetings, provided advance notice of all policies considered at those meetings, and allowed the public to comment on proposals both in writing and in person. Plaintiff's claims to the contrary rest on inapplicable regulations and non-binding guidance documents. Moreover, neither Plaintiff ("WORC") nor its members has identified any concrete interest that is threatened by the RPC's work. Plaintiff's disagreements with certain committee recommendations and the Department of the Interior's policy positions do not give rise to justiciable claims.

## B. The basis for federal jurisdiction and for venue in the division.

As set forth in their motion to dismiss, Defendants contend that the Court lacks jurisdiction over Counts One, Three, and Four of Plaintiff's amended complaint. Defendants do not contest that the Court has jurisdiction over Count Two pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, or that venue is proper in this district.

**C. The factual basis of each claim or defense advanced by the party and the legal theory underlying each claim or defense.**

Because this is an APA case, the parties agree that the Court can likely resolve this matter by rendering conclusions of law on the basis of the administrative record, in the event the Court denies Defendants' motion to dismiss. That record, which has not yet been compiled, would serve as the factual basis for all claims and defenses.

Defendants provide a summary of their principal defenses below.

1. The Court lacks jurisdiction over Counts One, Three, and Four because Plaintiff lacks standing to bring those claims. WORC and its members do not have any concrete interests that are threatened by the Defendants' actions with respect to the RPC.

2. The Court lacks jurisdiction over Counts Three and Four because the provisions of FACA Plaintiff invokes—5 U.S.C. App. 2 §§ 5(b)(2), (3)—are "committed to agency discretion by law," 5 U.S.C. § 701(a)(2). Even if the claims were justiciable, Defendants have complied with FACA's requirements.

3. Defendants made the written findings required under FACA in establishing the RPC, *see* 5 U.S.C. App. 2 § 9(a)(2), and no additional written findings are required by statute or regulation.

4. Defendants have complied with the relevant statutory and regulatory provisions governing notice of and access to committee meetings, the provision of committee materials in advance of meetings, and access to committee records. The

2

regulations in Subpart 1784 of Title 43, on which Plaintiff relies, apply only to BLM advisory committees, which the RPC is not. *See, e.g.*, 43 C.F.R. § 1784.5-3. Moreover, the Department of Interior Manual's advisory committee provisions do not create a cause of action. *See Nat'l Mining v. Zinke*, 877 F.3d 845, 871 n.27 (9th Cir. 2017).

5. Plaintiff is not entitled to equitable relief, including any injunction barring Defendants from relying on the RPC's advice.

**D. A computation of damages.**

Plaintiff's Amended Complaint seeks only declaratory and injunctive relief.

**E. The pendency or disposition of any related state or federal litigation.**

None.

**F. Proposed additional stipulations of fact not included in the Statement of Stipulated Facts and the parties' understanding as to what law applies.**

The Court has granted the parties' motion to forgo statements of stipulated facts. ECF No. 26. Defendants contend that this case is governed by the APA, FACA, and implementing regulations promulgated by the General Services Administration.

**G. Proposed deadlines relating to joinder of parties or amendment of the pleadings.**

The parties do not anticipate joining additional parties or amending pleadings.

**H. Identification of controlling issues of law suitable for pretrial disposition.**

The parties agree that this case should be resolved on cross-motions for summary judgment, in the event the Court denies Defendants' motion to dismiss. All issues presented in Defendants' motion to dismiss are suitable for pretrial disposition.

**I. The name and city and state of current residence of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses, and a summary of that information.**

While Defendants reserve all rights to seek jurisdictional discovery, the parties do not now anticipate discovery in this matter, as APA cases are typically decided based on the agency's administrative record. Should Defendants seek leave for discovery, they will simultaneously identify individuals likely to possess relevant information.

**J. The substance of any insurance agreement that may cover any resulting judgment.**

There are no applicable insurance agreements.

**K. The status of any settlement discussions and prospects for compromise of the case.**

The parties will consider reasonable offers of settlement but believe settlement is unlikely.

**L. Suitability of special procedures.**

Defendants are not aware that any special procedures are warranted.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Michael H. Baer*
MICHAEL H. BAER
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch

*Counsel for Defendants*